Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| DR. STEPHEN SLADE<br><br>Demandante-Recurrido<br><br>Vs<br><br>FUEL GROUP TRADING, LLC; DENNIS A. KRUSE; TOMMY SORIERO<br><br>Demandados<br><br>TOMMY SORIERO<br>Peticionario | TA2025CE00597 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2025CV00853<br><br>Sala: 504<br><br>Sobre: LEY DE CORPORACIONES, NULIDAD DE CONTRATO, DAÑOS, ENRIQUECIMIENTO INJUSTO |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece la parte peticionaria, el señor Tommy Soriero, solicita la revocación de cierta orden interlocutoria emitida por el Tribunal de Primera Instancia. El tribunal ordenó aplazar la disposición de la desestimación promovida hasta concluido el descubrimiento de prueba.

Por los fundamentos en esta resolución, *denegamos* la expedición del auto extraordinario solicitado.

### -I-

El 19 de febrero de 2025 el doctor Stephen Slade presentó la demanda del caso, reclama el examen de los archivos corporativos de Fuel Group Trading, LLC. También presenta varias causas de daños fundamentadas en distintas teorías legales: (1) dolo; (2) enriquecimiento injusto; (3) daños extracontractuales y contractuales. En síntesis, reclama de los codemandados la devolución de una prestación de $1,000,000 y otras cuantías en

concepto de daños. El 6 de junio de 2025, la parte peticionaria presentó una *Moción de Desestimación*. Argumentó sobre la falta de jurisdicción del foro primario sobre su persona y solicitó la desestimación de la demanda. Mediante *Orden* notificada el 25 de agosto de 2025, el foro primario pospuso la adjudicación de la desestimación promovida por el peticionario "hasta tanto finalice el descubrimiento de prueba efectuado entre las partes de epígrafe en autos". Denegada la reconsideración presentada por el peticionario, comparece ante este foro y apunta los siguientes errores:

> Erró y abusó de su discreción el TPI al no desestimar la demanda enmendada en cuanto a Soriero por falta de jurisdicción sobre su persona.
>
> En la alternativa erró y abusó de su discreción el TPI al no limitar el descubrimiento de prueba en cuanto a Soriero a lo estrictamente necesario para dilucidar la controversia jurisdiccional en o antes de la conferencia inicial.

Luego de examinar el escrito de la parte peticionaria, el alegato de la parte recurrida, y el contenido del expediente, estamos en posición de disponer del recurso promovido.

### -II-

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V; Regla 52.1, establece las excepciones para atender, mediante recurso de *certiorari*, determinaciones interlocutorias del Tribunal de Primera Instancia. *Municipio Autónomo de Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Job Connection Center v. Sups. Econo*, 185 DPR 585, 594-595 (2012). La Regla 52.1 de Procedimiento Civil prohíbe la revisión mediante *certiorari* de resoluciones u órdenes interlocutorias salvo determinadas excepciones. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 594 (2011). La Regla 52.1 de Procedimiento Civil dispone:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Inclusive, ante una de las excepciones, el Tribunal de Apelaciones tiene la facultad de discrecionalmente expedir el auto de *certiorari* por tratarse ordinariamente de asuntos interlocutorios. *Municipio Autónomo de Caguas v. JRO Construction, Inc., supra*, pág. 711. El delimitar la revisión a instancias específicas tiene como propósito evitar la demora de considerar controversias que pueden esperar al recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corp.*, 202 DPR 478, 486–487 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2017).

### *-III-*

En este recurso, el Tribunal de Primera Instancia tiene dos mociones dispositivas pendientes de adjudicación. En su amplia discreción el foro primario decidió aplazar la solución de ambas mociones hasta concluido el descubrimiento de prueba. Ese fue el asunto elevado a nuestra consideración: si el foro recurrido actuó dentro de los parámetros de su sana discreción al decidir esperar hasta la conclusión del descubrimiento de prueba para atender las mociones dispositivas.

Es doctrina reiterada, el descubrimiento de prueba debe ser amplio y liberal. *Izquierdo II v. Cruz y otros*, 213 DPR 607, 616 (2024); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 203 (2023); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000). Igualmente, el foro de primera instancia tiene amplia discreción para regular el proceso de descubrimiento de prueba, "pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera et al. v. Arcos Dorados et al.*, *supra*, págs. 203-204. Por lo que, "para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia". *Vincenti v. Saldaña*, 157 DPR 37, 54 (2002). El Tribunal de Primera Instancia tiene amplia discreción sobre el manejo del caso, especialmente sobre el procedimiento de descubrimiento de prueba.

A tenor con la Regla 52.1 de Procedimiento Civil, este recurso no presenta una reclamación bajo las Reglas 56 y 57 de las de Procedimiento Civil. Tampoco constituye una denegatoria de una moción de carácter dispositivo. No involucra la admisibilidad de testigos de hechos o de peritos esenciales, ni asuntos relativos a privilegios reconocidos por nuestro derecho probatorio; tampoco una anotación de rebeldía ni asuntos de relaciones de familia. Véase, *Scotiabank de Puerto Rico v. ZAF Corporation*, *supra*. La controversia no reviste un asunto de interés público que, justifique apartarnos de la política de revisión judicial limitada aplicable a los asuntos interlocutorios resueltos por el Tribunal de Primera Instancia. Véase, *Job Connection Center v. Sups. Econo, supra*, pág. 594; J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., Pubs. J.T.S., 2011, T. IV, pág. 1503.

## *-IV-*

Por los fundamentos expuestos, *denegamos* la expedición del recurso solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones